United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SAMUEL KATZ, Individually and on Behalf of All Others Similarly Situated | § § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0145-S |
| CALIBER HOME LOANS, INC. | § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Caliber Home Loans, Inc.'s Motion to Dismiss ("Motion") [ECF No. 33]. The Court has reviewed the Motion, Plaintiff Samuel Katz's Opposition to the Motion to Dismiss ("Response") [ECF No. 35], Defendant's Reply Brief in Support of Its Motion to Dismiss [ECF No. 38], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

This putative class action arises out of Plaintiff's receipt of unwanted telemarketing calls. Compl. for Inj. and Damages ("Compl.") [ECF No. 1] ¶ 3. Plaintiff's residential phone number is on the National Do Not Call Registry. *Id.* ¶ 17. Plaintiff uses his residential phone number "for personal, residential, and household reasons." *Id.* ¶ 18. In 2022, Plaintiff received multiple phone calls from the phone number (207) 203-7685. *Id.* ¶¶ 21-22. Plaintiff did not answer the first phone calls in May and June 2022; however, he did answer the last phone call from this phone number on July 5, 2022. *Id.* ¶¶ 23-24.

When Plaintiff answered the July 5, 2022, phone call, the caller allegedly offered a "VA, conventional or FHA loan," asked Plaintiff if he had a recent bankruptcy, and asked about Plaintiff's credit score and debt. *Id.* ¶¶ 26-28. The caller then allegedly offered services from the Caliber Home Loan Mortgage Refinance Team. *Id.* ¶ 29. Plaintiff states that he did not consent to

receive phone calls from Defendant, did not do business with Defendant, and did not request these phone calls. *Id.* ¶¶ 19-20, 31.

Based on the foregoing, Plaintiff brings a single cause of action for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), and 47 C.F.R. § 64.1200(c). *Id.* ¶¶ 48-52. Plaintiff brings this claim on behalf of himself and a putative class of persons in the United States who, at any time in the period from four years before the Complaint's filing to trial, "received more than one telemarketing call from or on behalf of Defendant[] within a 12-month period" despite their phone numbers being on the Do Not Call Registry for at least 31 days. *Id.* ¶ 33. Defendant moved to dismiss, arguing that Plaintiff has failed to plausibly allege that Defendant is either directly or vicariously liable for the alleged TCPA violations and that Plaintiff has failed to plausibly allege that he received more than one telemarketing call.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the Court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

To state a claim under 47 U.S.C. § 227(c)(5), Plaintiff must plausibly allege that he received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of regulations promulgated under Section 227(c). Plaintiff claims that the regulation Defendant violated is 47 C.F.R. § 64.1200(c). In relevant part, that regulation prohibits an entity from "initiat[ing] a telephone solicitation to . . . a residential telephone subscriber who has registered [his] telephone number on that national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

### A. *Defendant's Liability*

"Theories of direct and vicarious liability are both cognizable under the TCPA." *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, at *5 (N.D. Tex. Feb. 7, 2023) (citation omitted), *report and recommendation adopted by* 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023). Based on Plaintiff's Response, Plaintiff is relying solely on a direct liability theory;

3

however, Plaintiff does not adequately allege that Defendant is directly liable for placing the challenged phone calls.

i. *Direct Liability*

For Defendant to be directly liable for the alleged TCPA violations, Defendant must have "initiated" the phone calls. *Id.* (citing *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C. Rcd. At 6582 ¶ 24 (2013)). Initiating a phone call, in turn, "means that the entity takes the steps necessary to physically place a telephone call." *Id.* (internal quotation marks and citation omitted). "[A] seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA[.]" *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 WL 2519568, at *6 (E.D. Tex. Apr. 30, 2019) (quoting *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1255 (11th Cir. 2015)), *report and recommendation adopted by* 2019 WL 2524736 (E.D. Tex. June 19, 2019).

Plaintiff argues that he has pleaded sufficient facts to support a direct liability theory because he alleged that Defendant made the phone calls at issue. *See* Resp. 3. Plaintiff points to the portions of the Complaint in which he alleges that Defendant "ma[de] telemarketing calls to numbers on the National Do Not Call Registry," and that "Plaintiff got calls from the Defendant in 2022, including on May 26, June 4, 20, 22, and July 5, 2022." *Id.* (emphases omitted) (citing Compl. ¶¶ 3, 21). But conclusory allegations such as these are insufficient. "[A]t the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiff's cellular phone." *Aaronson v. CHW Grp., Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (citations omitted).

The only fact Plaintiff alleges in support of his conclusion that Defendant initiated the challenged phone calls is that at some point during the July 5, 2022, phone call, the unidentified

4

caller "offered the Defendant's services from the Caliber Home Loan Mortgage Refinance Team." Compl. ¶ 29. Plaintiff does not allege any facts regarding, for example, the identity of the caller or the nature of the phone number connected to the phone calls (such as whether it belonged to Defendant or was a fictitious phone number), and the facts Plaintiff does provide about the content of the phone call are vague. Without more, Plaintiff's solitary allegation is insufficient to plausibly allege that Defendant took the steps necessary to physically place the phone call. *See, e.g., Horton v. Nat'l Republican Senatorial Comm.*, No. 3:22-CV-1000-G-BK, 2023 WL 372066, at *5 (N.D. Tex. Jan. 23, 2023) ("Merely stating that he received a message which included a link to a website that solicits donations for [defendant] is not enough to nudge [plaintiff's] argument across the line from conceivable to plausible.").

The lack of factual allegations supporting the notion that Defendant initiated the call distinguishes this case from others in which courts have found a basis for direct liability, including the cases cited by Plaintiff in his Response. For example, in *Stemke v. Marc Jones Construction, LLC*, the plaintiff and her attorneys called several of the phone numbers from which the plaintiff received phone calls and confirmed they belonged to the defendant. No. 5:21-CV-274-30PRL, 2021 WL 4340424, at *1, *3 (M.D. Fla. Sept. 23, 2021). And in *Smith v. American-Amicable Life Insurance Co. of Texas*, a case in which the plaintiff relied on theories of both direct and vicarious liability, the court found a plausible basis for liability because: (1) the plaintiff was informed that he was speaking with the defendant; (2) the plaintiff was directed to the defendant's website; (3) the callback number provided to the plaintiff had an area code from the same state in which the defendant was based; and (4) the phone calls concerned insurance benefits, the defendant's area of business. No. 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 24, 2022). In both cases, the plaintiffs pleaded facts that suggested the defendant itself—as opposed to a third party—initiated

the phone calls. *See also, e.g.*, *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *5 (D. Ariz. Jan. 12, 2023) (holding that plaintiff stated theory of direct liability where: (1) defendant allegedly operated call center, conducted telemarketing campaign, and repeatedly sent unsolicited telemarketing calls; (2) plaintiff called phone number to confirm defendant initiated unwanted calls; and (3) defendant's in-house counsel confirmed defendant placed calls); *Atkinson v. Choice Home Warranty*, No. 22-04464, 2023 WL 166168, at *3 (D.N.J. Jan. 11, 2023) (holding that plaintiff stated theory of direct liability where plaintiff "asked if *the company making the calls* had a website" and was provided with defendant's website). Unlike in these cases, Plaintiff's Complaint in this case lacks factual allegations sufficient to support a theory of direct liability.

Because Plaintiff has not adequately pleaded "that [D]efendant actually, physically initiated the telephone calls at issue," the Court concludes that Plaintiff has failed to state a TCPA claim under a theory of direct liability. *Aaronson*, 2019 WL 8953349, at *2.

### ii. *Vicarious Liability*

Even if Plaintiff cannot plausibly allege direct liability, "[a] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship . . . between the defendant and a third-party caller." *Hunsinger*, 2023 WL 2377481, at *5 (citation omitted). The Court expresses no opinion on whether Plaintiff's allegations could state a claim for vicarious liability, as Plaintiff does not appear to advance such a theory. Plaintiff only makes conclusory statements suggesting vicarious liability in his Complaint. *See, e.g.*, Compl. ¶ 49 ("The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute . . . violations of the TCPA . . . ."). Further, Plaintiff does not address vicarious liability in his Response and instead reaffirms that he is pursuing a

6

theory of direct liability. *See, e.g.*, Resp. 1 ("[Plaintiff] plainly alleges that [Defendant] is directly liable for the calls it made to him . . . ."); *id.* at 4 ("[T]he only party alleged to have any involvement in the calls [is] [Defendant] . . . ."). As such, the Court will not analyze whether Plaintiff stated a claim for TCPA violations under a vicarious liability theory at this time.

### B. *More Than One Phone Call*

Defendant also moves to dismiss on the ground that Plaintiff has not alleged that he received more than one phone call in violation of regulations promulgated under Section 227(c). Plaintiff allegedly received at least five phone calls from the same phone number in less than two months beginning on May 26, 2022. *See* Compl. ¶ 21. On July 5, 2022, he answered a phone call from that phone number and was offered services from the Caliber Home Loan Mortgage Refinance Team. *Id.* ¶ 29. The Court recognizes that district courts have reached differing conclusions regarding whether a plaintiff states a claim when he only answers one of the allegedly violative phone calls. *Compare Moore v. Healthcare Sols., Inc.*, No. 21-CV-4919, 2022 WL 17487823, at *3 (N.D. Ill. Dec. 7, 2022) ("[T]he content and timing of an answered call can allow the court to draw the reasonable inference that unanswered calls were sales solicitations from the defendant." (cleaned up)), *with Greene v. Select Funding, LLC*, No. 2:20-CV-07333-RGK-KS, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) ("And while [plaintiff] alleges that he received eight calls from [d]efendant's number within a one-year period, he only answered one of these calls—on April 10, 2020. Thus, at best, Plaintiff has only alleged *one* telephone solicitation.").

In the absence of binding authority to the contrary, the Court agrees that "[i]t is a reasonable inference that the [five] phone calls from the same number" within the span of less than two months "were about the same thing." *Moore*, 2022 WL 17487823, at *3. Viewing the Complaint in the light most favorable to Plaintiff, as it must, the Court declines to dismiss Plaintiff's claim on this

basis at this time.[1] However, the ultimate resolution of this question will rely on whether Plaintiff plausibly alleges that Defendant is liable for the challenged phone calls.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss [ECF No. 33]. Given the Federal Rules of Civil Procedure's liberal policy of allowing amendments to pleadings, the Court sua sponte **GRANTS** Plaintiff leave to amend his Complaint. Plaintiff must file an amended complaint by **August 30, 2023**. If an amended complaint is not filed within such time, Plaintiff's claims will be dismissed with prejudice.

**SO ORDERED.**

SIGNED August 17, 2023.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Although it is unclear, it does not appear that Defendant challenges whether the call Plaintiff answered constituted a "solicitation" within the meaning of the TCPA. *See, e.g.*, Mot. 8-9 ("Indeed, [Plaintiff] admits that he answered only one call. . . . This fact alone makes it impossible for [Plaintiff] to establish that at least two calls were 'telephone solicitations.'"). Therefore, the Court will not analyze that issue.