**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

SAMUEL KATZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CALIBER HOME LOANS, INC. and CONVERSION KINGS, LLC

Defendants.

Case No. 23-cv-145-S

**PLAINTIFF'S MOTION TO COMPEL**
**DISCOVERY RESPONSES FROM CONVERSION KINGS, LLC**

Despite Conversion Kings executing a Waiver of Service (ECF No. 64), this Court's current discovery schedule having the Plaintiff's expert disclosures due on January 24, 2024, and having the Plaintif's discovery served on them, Conversion Kings, LLC simply didn't respond to the Plaintiff's discovery, which was due on October 3, 2023. More than a week's worth of writings and meet and confer attempts have gone without avail. As such, the Plaintiff moves to compel and in further support thereof states:

1. This case alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, related to the receipt by the Plaintiff and putative class members of telemarketing calls despite his presence on the National Do Not Call Registry.

2. On June 13, 2023, this Court entered a Scheduling Order and directed the parties to proceed with discovery. (ECF No. 53).

3. Since that time, Conversion Kings, LLC was served with a Rule 45 subpoena and retained local counsel in Texas.

4. In discovery, it was later identified that Conversion Kings made some of the telemarketing calls to putative class members, including the Plaintiff.

5. On August 18, 2023, Conversion Kings, LLC was named in an Amended Complaint (ECF No. 59).

6. Conversion Kings executed a Waiver of Service. (ECF No. 64).

7. On September 3, 2023, the Plaintiff served via First Class Mail and E-mail to their counsel the Plaintiff's First Set of Discovery. *See* Exhibit 1.

8. However, Conversion Kings never responded.

9. This is despite the fact that counsel for Conversion Kings acknowledged receipt of the discovery on September 29, 2023 when he indicated that they intended to seek to stay their discovery responses until after they file a dispositive motion. *See* Exhibit 2.

10. The Plaintiff indicated that they intended to oppose that motion.

11. Indeed, in the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 U.S. Dist. LEXIS 178956, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015).

12. A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Id.* "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Id.* "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 U.S. Dist. LEXIS 98963, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

13. However, that fact that a motion will be filed at some point in the future does not justify Conversion King's failure to provide their discovery responses.

**LR 7.1(b)(3) Certificate of Conference**

On October 5, 10 and 11th, 2023, the Plaintiff sent correspondence and made telephone calls to counsel for the Defendant regarding the outstanding discovery, but the issue could not be resolved.

**Conclusion**

WHEREFORE, the Plaintiff requests that the Court GRANT the motion and require Conversion Kings to provide complete discovery responses and all of the documents it intends to voluntarily produce within 7 days of this Court's Order or find that all objections, other than privilege, are waived and required Conversion Kings to respond without objection within 7 days.

RESPECTFULLY SUBMITTED AND DATED this October 12, 2023.

/s/ *Anthony I. Paronich*
Anthony I. Paronich,
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2023, I electronically filed the forgoing through the Court's CM/ECF system.

/s/ *Anthony I. Paronich*
Anthony I. Paronich