IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>CALIBER HOME LOANS, INC. and CONVERSION KINGS, LLC<br><br>　　　　　　Defendants. | Case No. 23-cv-145-S |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION
TO COMPEL DISCOVERY FROM CONVERSION KINGS, LLC**

Conversion Kings, LLC ("Defendant") does not, because it cannot, dispute that the discovery sought from the Defendant by Mr. Katz seeks improper or irrelevant information. In this putative class action alleging violations of the Telephone Consumer Protection Act of 1991 for making telemarketing calls to numbers on the National Do Not Call Registry, Mr. Katz has sought information regarding the calls to himself and putative class members and information regarding the Defendant's permission to make those calls and its relationship with the co-defendant Caliber Home Loans, Inc.

Instead, Conversion Kings tries to claim that it wasn't served with the discovery, which it admits was served via e-mail on its counsel that represented it with respect to the subpoena response in this action and via first class mail to its registered agent. This argument fails for three reasons.

*First*, while Conversion Kings had utilized Mr. Cody Towns to respond to the third-party subpoena in this action, Mr. Towns had not yet filed a Notice of Appearance in this action when the discovery was issued. Indeed, Mr. Towns had also previously mentioned that another

attorney was representing Conversion Kings and it was unclear which attorney would represent them in the action now that they had been named as a defendant. *See* <u>Exhibit 1</u>. As such, service upon the defendant directly was proper pursuant to Fed. R. Civ. P. 5(b)(2). Of course, since the Plaintiff was aware that it was possible that Mr. Towns would possibly represent Conversion Kings in this action, he sent him a courtesy copy of the discovery requests. However, that doesn't invalidate the proper service of the discovery done more than two months ago.

*Second*, Mr. Towns had previously consented to service of discovery in this matter via e-mail. Mr. Towns, on behalf of Conversion Kings, provided their prior subpoena response *via e-mail only*. *See* <u>Exhibit 2</u>. Indeed, the certificate of service for the subpoena response plainly states:

> **CERTIFICATE OF SERVICE**
>
> I hereby certify that on July 19, 2023, I caused Conversion Kings, LLC's Responses and Objections to Plaintiff's Subpoena to be served via e-mail upon the following counsel of record via the below email addresses:
>
> **Attorneys for Plaintiff**
>
> Anthony I. Paronich (anthony@paronichlaw.com)
> Andrew W. Heidarpour (aheidarpour@hlfirm.com)
> Chris R. Miltenberger (chris@crmlawpractice.com)
>
> **Attorneys for Defendant**
>
> Thomas N. Abbott (tabbott@perkinscoie.com)
> Elizabeth Gardner (egardner@perkinscoie.com)
> Kristine E. Kruger (kkruger@perkinscoie.com)
> Simon M. Feng (sfeng@perkinscoie.com)
>
> /s/ *Cody L. Towns*

Conversion Kings cannot be heard now to claim that e-mail service was inappropriate when it is the only kind of service it has used in this case.

*Third*, Conversion Kings has not previously claimed that service with the discovery as improper, as it claims in its motion. Instead, Mr. Towns indicated that Conversion Kings was "preparing a motion to extend our discovery response time until after our answer deadline, as one of the things I was wanting to discuss (although much of the responsive information that we would not object to has already been produced). I assume that your clients are opposed?". *See* Exhibit 3. In response, counsel for the Plaintiff indicated that "We're open to a courtesy extension, for sure, but not that the production would come only after a responsive pleading, so how much time were you looking for on the extension?" *Id.* In reply, Mr. Towns indicated, "I truly appreciate the offer and your professional courtesy, but we are going to ask the court to postpone discovery until ruling on our upcoming Rule 12b motion, based on the facts as contained in our discovery responses. This is one of the issues that we wished to discuss, but my assumption is that your client(s) would oppose. Please confirm, or we can discuss next week." *Id.* The Plaintiff confirmed that he was opposed.

Conversion Kings never filed such a motion, instead now claiming that the service upon their registered agent when no attorney had filed an appearance was invalid service, despite the fact that their attorney representing them on the subpoena had received a courtesy copy via e-mail, the sole method of service they utilized to comply with the subpoena they were previously served. This conduct should not be permitted.

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion should be granted.

RESPECTFULLY SUBMITTED AND DATED this November 8, 2023.

/s/ *Anthony I. Paronich*
Anthony I. Paronich,
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com
    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2023, I electronically filed the forgoing through the Court's CM/ECF system.

    /s/ *Anthony I. Paronich*
    Anthony I. Paronich