## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL KATZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>Defendants. | Case No. 3:23-cv-145-S |

## NON-PARTY CONVERSION KINGS, LLC's
## RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA

Non-Party Conversion Kings, LLC ("CK"), by and through its attorneys, Towns Law Firm, PC, hereby submits its responses and objections to Plaintiff's subpoena for documents ("Subpoena") pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

CK makes the following general objections to the Subpoena and to each and every request contained in Schedule A to the Subpoena:

1.     CK rejects any contention that the foregoing objections are untimely or that its right to assert the foregoing objections was waived.

2.     CK objects to the Subpoena because it seeks documents and information that are not relevant to the subject matter involved in the action, not relevant to the claim or defense of the party seeking discovery or to the claim or defense of any other party, and not admissible or reasonably calculated to lead to the discovery of admissible evidence.

3.     CK objects to the Subpoena because it is overly broad, unduly burdensome, and without proper limit to its scope, particularly as it is directed to a third-party non-litigant.

4. CK objects to Subpoena to the extent that it seeks documents protected by any privilege, including the work product doctrine and attorney-client privilege.

5. CK objects to Subpoena to the extent that it seeks to impose obligations on CK beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

6. CK objects to the Subpoena to the extent that the requests are cumulative or duplicative of documents previously produced in this action or in similar actions initiated by the same counsel seeking identical information from CK.

7. CK objects to the Subpoena insofar as it seeks documents and information that may be obtained from another source that is a party to the underlying lawsuit.

8. CK objects to Subpoena to the extent that it seeks documents that contain proprietary and/or confidential information, and CK expressly reserves the right to seek protection and/or confidential treatment of any documents produced in response to the subpoena pursuant to a/the Agreed Confidentiality Order entered in the litigation.

9. By agreeing to search for responsive documents, CK is in no way admitting, and expressly reserves the right to dispute, that any such responsive documents exist.

10. CK reserves the right to make any and all appropriate objections at any hearing, deposition, or trial in this matter.

48758417.1

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**Request No. 1:** All documents reflecting any call (including attempted call) or text message made by you or any call center vendor of yours for the Defendant, or to generate leads for Defendant (even if Defendant was not the exclusive buyer or beneficiary of said leads), or that could have generated a lead for the Defendant, since January of 2020. A complete answer will include at least the following:

      a. Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

      b. Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.);

      c. Any response or disposition of the calls, including any "stop" or opt out message;

      d. Any documents showing the prior express consent of the called party to be called.

**RESPONSE:** CK incorporates its General Objections into its response to this request, and further objects because (1) it is overly broad, unduly burdensome, and not proportional to the needs of the litigation as it requests detailed confidential personal information regarding non-parties to the litigation; (2) it is not limited to by a reasonable period of time; (3) calls for information that is confidential, proprietary, or protected from disclosure by contract; and (4) to the extent it seeks materials that may be protected by attorney client privilege, attorney-work product, or other privileges.

Pursuant to the foregoing objections, CK will not conduct a search for documents in response to this request. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections.

**Request No. 2:** Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode or option the dialing system was in when it made each of the calls identified in response to Request No. 1.

**RESPONSE:** CK incorporates its General Objections into its response to this request, and further objects because (1) it is overly broad, unduly burdensome, and not proportional to the needs of the litigation as it requests detailed confidential personal information regarding non-parties to the litigation; (2) it is not limited to by a reasonable period of time; (3) calls for information that is confidential, proprietary, or protected from disclosure by contract; and (4) to the extent it seeks materials that may be protected by attorney client privilege, attorney-work product, or other privileges.

Pursuant to the foregoing objections, CK will not conduct a search for documents in response to this request. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections.

**Request No. 3:** Documents that identify any third parties that your company had a relationship with that may be in possession of information responsive to Request No. 1 or 2.

**RESPONSE:** CK incorporates its General Objections into its response to this request, and further objects because (1) it is overly broad, unduly burdensome, and not proportional to the needs of the litigation as it requests detailed confidential personal information regarding non-parties to the litigation; (2) it is not limited to by a reasonable period of time; (3) calls for information that is confidential, proprietary, or protected from disclosure by contract; and (4) to the extent it seeks materials that may be protected by attorney client privilege, attorney-work product, or other privileges.

Pursuant to the foregoing objections, CK will not conduct a search for documents in response to this request. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections.

48758417.1

**Request No. 4:** Any databases or other electronically stored information that identifies all customers, leads or potential customers sent to Defendant since January of 2020.

**RESPONSE:** CK incorporates its General Objections into its response to this request, and further objects because (1) it is overly broad, unduly burdensome, and not proportional to the needs of the litigation as it requests detailed confidential personal information regarding non-parties to the litigation and is not limited to any alleged calls placed to or on behalf of the parties to the litigation; (2) it is not limited to by a reasonable period of time; (3) calls for information that is confidential, proprietary, or protected from disclosure by contract; and (4) to the extent it seeks materials that may be protected by attorney client privilege, attorney-work product, or other privileges.

Pursuant to the foregoing objections, CK will not conduct a search for documents in response to this request. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections.

**Request No. 5:** To the extent you claim that your company obtained permission for automated calls concerning Defendant, produce all documents that identify:

A.      Any signed writings evidencing that permission;

B.      As it relates to any website visits that you assert are being used in place of signed writings:

      i.      All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

     ii.      All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

**RESPONSE:** CK incorporates its General Objections into its response to this request, and objects (1) to the extent it seeks materials that may be protected by attorney client privilege,

attorney-work product, or other privileges; (2) to the extent it calls for a legal conclusion regarding the use of the word "automated calls."

Subject to the foregoing objections, CK will conduct a good faith search and produce documents responsive to this request to the extent it relates to permission or consent to place calls to the Plaintiff's phone number obtained via website(s) and limited to data related to the Plaintiff. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections.

**Request No. 6:** To the extent you claim that your company obtained permission for automated calls concerning Defendant via websites:

A.      Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

B.      For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

C.      For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

D.      Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

E.      Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

F.      Produce all documents that identify any vendor or company used for any website responsive to these requests that is used by that website or its owner or operator for visitor traffic reporting. This includes but is not limited to any SEO or internet marketing consultants.

**RESPONSE:** CK incorporates its General Objections into its response to this request, and further objects to sub-requests (B) through (D) because it is overly broad, unduly burdensome, and not proportional to the needs of the litigation as it requests detailed and/or

6

proprietary and/or confidential information regarding technical attributes of websites that are not relevant to the litigation. CK also objects to this request (1) to the extent it seeks materials that may be protected by attorney client privilege, attorney-work product, or other privileges; (2) to the extent it calls for a legal conclusion regarding the use of the word "automated calls."

Subject to the foregoing objections, CK will conduct a good faith search and produce documents responsive to this request to the extent it relates to permission or consent to place calls to the Plaintiff's phone number obtained via website(s) and limited to data, to the extent available, regarding (i) website URL, time stamp, phone number, name, address, email, and IP address, subject to entry of or protection under a confidentiality order entered in the litigation. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections.

**Request No. 7:** All internal communications, including emails, text messages and Skype logs, concerning Defendant.

**RESPONSE:** CK incorporates its General Objections into its response to this request, and further objects because (1) it is overly broad, unduly burdensome, and not proportional to the needs of the litigation as it requests all internal communications, emails, text messages and Skype logs concerning Defendant, including documents that are not relevant to the litigation or the calls allegedly placed to Plaintiff; (2) it is not limited to by a reasonable period of time; (3) calls for information that is confidential, proprietary, or protected from disclosure by contract; and (4) to the extent it seeks materials that may be protected by attorney client privilege, attorney-work product, or other privileges.

Pursuant to the foregoing objections, CK will not conduct a search for documents in response to this request. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections.

**Request No. 8:** Communications with any third party concerning the litigation captioned on the subpoena.

48758417.1

**RESPONSE:** CK incorporates its General Objections into its response to this request, and further objects because (1) it calls for information that is confidential, proprietary, or protected from disclosure by contract; and (2) to the extent it seeks materials that may be protected by attorney client privilege, attorney-work product, or other privileges.

Subject to the foregoing objections, CK will conduct a good faith search and produce documents responsive to this request to the extent it relates to permission or consent to place calls to the Plaintiff's phone number obtained via website(s) and limited to data related to the Plaintiff. CK agrees to confer with Plaintiff in good faith regarding the scope of this request and CK's objections subject to entry of or protection under a confidentiality order entered in the litigation.

Dated: July 19, 2023                                    Respectfully submitted,

                                                         /s/ *Cody L. Towns*
                                                        Cody L. Towns
                                                        Texas Bar No. 24034713

                                                        **TOWNS LAW FIRM, PC**
                                                        4835 Lyndon B Johnson Freeway
                                                        Suite 750
                                                        Dallas, Texas 75244
                                                        469.421.1500 (t)
                                                        469.421.1505 (f)
                                                        ctowns@townslawfirm.com (e)

                                                        ***Counsel for Nonparty Conversion  Kings, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 19, 2023, I caused Conversion Kings, LLC's Responses and

Objections to Plaintiff's Subpoena to be served via e-mail upon the following counsel of record

via the below email addresses:

<u>**Attorneys for Plaintiff**</u>

Anthony I. Paronich (anthony@paronichlaw.com)
Andrew W. Heidarpour (aheidarpour@hlfirm.com)
Chris R. Miltenberger (chris@crmlawpractice.com)

<u>**Attorneys for Defendant**</u>

Thomas N. Abbott (tabbott@perkinscoie.com)
Elizabeth Gardner (egardner@perkinscoie.com)
Kristine E. Kruger kkruger@perkinscoie.com)
Simon M. Feng (sfeng@perkinscoie.com)

/s/ *Cody L. Towns*

48758417.1