IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CALIBER HOME LOANS, INC. and CONVERSION KINGS, LLC<br><br>Defendants. | Case No. 23-cv-145 |

**PLAINTIFF'S MOTION TO LIFT ADMINISTRATIVE STAY
AS AGAINST CALIBER HOME LOANS, INC.**

Plaintiff moves that this Court issue an order lifting the administrative stay this Court entered on January 30, 2024, and for an order reopening this case as against Caliber Home Loans, Inc, who is not in bankruptcy.

On January 29, 2024, co-defendant Conversion Kings, LLC filed for bankruptcy in the United States Bankruptcy Court for the District of Arizona and filed a suggestion of bankruptcy on the docket. (ECF Nos. 97, 98). As a result, the following day, this Court administratively closed the case as to all Defendants, including defendant Caliber Home Loans, Inc., which has not declared bankruptcy. (ECF No. 99). Because the stay of the case is not covered by Section 362(a)(1) of the Bankruptcy Code, Plaintiff respectfully requests that the Court reopen the case as against Caliber Home Loans, Inc.

**LAW AND ARGUMENT**

Section 362(a)(1) of the Bankruptcy Code provides for an automatic stay of any judicial "proceeding *against the debtor*." 11 U.S.C. § 362(a)(1) (emphasis added). By its explicit text, the Code does not provide for a stay of all proceedings in which the debtor is a party. It only applies

to stays of proceedings against the debtor. The Fifth Circuit Court of Appeals has confirmed this self-evident fact, declaring that ordinarily, the automatic stay imposed under Section 362 does not apply to actions against a non-debtor like Caliber Home Loans, Inc., here. *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007); *accord In re Divine Ripe, L.L.C.*, 538 B.R. 300, 302 (Bankr. S.D. Tex. 2015).

It is true that a Section 362 stay might apply to an action against non-debtor defendants, depending upon their relationship to the debtor, such as when the bankrupt defendant is the real party defendant and a judgment against the non-debtor would be in effect a judgment against the bankrupt defendant. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). For example, "a bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* (cleaned up) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

However, no such situation occurs here. There are no unusual circumstances here which would make a judgment against Caliber effectively one against Conversion Kings. Caliber and Conversion Kings are markedly distinct companies, with different headquarters, different ownership, and different leadership. One is a mortgage company; the other is a telemarketing outfit. One is not a subsidiary of the other nor a holding company of the other, a fact which is readily discernable from Caliber's corporate disclosure statement. (ECF No. 80).

What's more, the party seeking to invoke the benefits of the automatic stay under Section 362, here, Caliber Home Loans, bears the burden of demonstrating that such a stay is appropriate and applicable. *See* 2 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND

PRACTICE § 43:4 (3d ed. 2010) ("The party seeking to extend the stay will bear the burden to show that unusual circumstances exist warranting such an extension of the stay to a nondebtor"); *see also Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir .2001) (holding remaining defendant had "no interest to establish such an identity [of interests] with [the] debtor"). Caliber Home Loans has not made any showing, let alone such a showing sufficient to meet its burden, that the case cannot simply proceed as against Caliber.

### LR 7.1(b)(3) Certificate of Conference

Counsel for the Plaintiff informed counsel for the Defendant Caliber Home Loans, Inc. on February 5, 2024, who did not agree to the relief sought by the Plaintiff in this motion.

### Conclusion

WHEREFORE, the Plaintiff requests that the Court GRANT the motion, hold that Section 362 of the Bankruptcy Code does not apply as against Defendant Caliber Home Loans, Inc., and lift any stays and reopen the case as against Defendant Caliber Home Loans, Inc.

RESPECTFULLY SUBMITTED AND DATED this February 6, 2024.

/s/ *Anthony I. Paronich*
Anthony I. Paronich,
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com
    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I electronically filed the forgoing through the Court's CM/ECF system.

                                              /s/ *Anthony I. Paronich*
                                              Anthony I. Paronich