IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., and CONVERSION KINGS, LLC<br><br>Defendants. | CIVIL ACTION NO. 3:23-CV-00145-S |

**DEFENDANT CALIBER'S OPPOSITION TO PLAINTIFF'S MOTION
TO LIFT ADMINISTRATIVE STAY AS AGAINST CALIBER HOME LOANS, INC.**

Defendant Caliber Home Loans, Inc. ("Caliber") objects to Plaintiff Samuel Katz's ("Plaintiff") attempt to lift the administrative closure and stay entered by the Court on January 30, 2024, following the filing of bankruptcy and a suggestion of bankruptcy on the docket by co-defendant Conversion Kings, LLC ("Conversion Kings"). For the reasons stated herein, Caliber respectfully requests that the Court deny Plaintiff's motion (ECF No. 100) and continue to apply the stay under Section 362 of the Bankruptcy Code to Caliber.

## BACKGROUND

Plaintiff filed a putative class action against Defendants under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. (ECF No. 59). Originally, in October 2022, Plaintiff sued Caliber, alleging that he received telemarketing calls after his phone number was placed on the national Do Not Call ("DNC") registry. (ECF No. 1).

/ / /

/ / /

During discovery, Plaintiff learned that Conversion Kings had allegedly placed the calls, which he infers it did on behalf of Caliber.[1] Accordingly, Plaintiff amended his complaint in August 2023, to add Conversion Kings as a defendant and to amend his claims to allege direct liability under the TCPA as to Conversion Kings and vicarious liability as to Caliber for Conversion Kings' alleged violations of the TCPA. (ECF No. 59 at ¶¶ 21-22, 45-68).

As currently plead, the putative classes are as follows:

**National Do Not Call Registry Conversion King Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Conversion Kings, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**National Do Not Call Registry Conversion King and Caliber Subclass**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but *who received more than one telemarketing call from or on behalf of Conversion Kings when they were making calls for Caliber*, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

(*Id.* at ¶ 69, emphasis added).

In October 2023, Caliber answered the First Amended Complaint (ECF No. 65). Conversion Kings filed a motion to dismiss the first amended complaint in November 2023, which remains pending (ECF No. 69). On January 29, 2024, Conversion Kings filed a suggestion of

---

[1] Plaintiff admits, and the discovery to date has shown, that he never spoke to an employee of Caliber nor received any telemarketing calls directly from Caliber.

2

bankruptcy in this action (ECF No. 98). This Court entered an order administratively closing without prejudice and staying the case through the end of the Chapter 7 bankruptcy proceeding (ECF No. 99).

## LAW AND ARGUMENT

    A.    **The § 362 Stay Applies to Caliber Because It Can Only Be Held Liable for Violating the TCPA Under a Vicarious Liability Theory and Any Finding of Liability Would Effectively Operate As a Judgment Against Conversion Kings**

As Plaintiff notes in his motion, Section 362(a)(1) of the Bankruptcy Code provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). As Plaintiff further notes, the Fifth Circuit has adopted the general rule that this automatic stay does not typically apply to stay proceedings as to non-debtor co-defendants. *In re S.I. Acquisitions, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987); *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). Plaintiff, however, fails to acknowledge that the Fifth Circuit has recognized that there are exceptions to this general rule where a stay under § 362(a)(1) would be applied to co-defendants.

    For a bankruptcy stay to apply to nonbankrupt parties, the court must find that there is an unusual situation beyond simply the fact that a co-defendant, such as Conversion Kings, has filed bankruptcy. "This unusual situation, it would seem arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re S.1. Acquisitions, Inc.*, at 1147-48 (internal quotations omitted; citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

/ / /

/ / /

/ / /

3

A stay is appropriate under these circumstances when the liability of the nonbankrupt is "not independent of the debtor's liability." *Id*. at 1148 (citing *A.H. Robins* at 999). "[W]here the debtor and the nonbankrupt party can be considered one entity or **as having a unitary interest**, a section 362(a)(1) stay may suspend an action against a nonbankrupt codefendant." *Id*. (emphasis added). Caliber submits that it and Conversion Kings have a unitary interest in this case because Plaintiff does not seek to hold Caliber directly liable under the TCPA but rather, seeks to hold it vicariously liable for any violation of the TCPA committed by Conversion Kings, *i.e.*, by allegedly making telemarketing calls to phone numbers that were previously placed on the DNC registry.

"Under the TCPA, direct liability is found when an entity 'initiates' a telephone call." *Hunsinger v. Dynata LLC,* 2023 WL 2377481 (N.D. Tex. 2023) (citing *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C. Rcd. at 6582 ¶ 24 (2013)). "Vicarious liability under the TCPA," meanwhile, "is governed by the federal common law of agency." *Callier v. Wide Merchant Investment Inc.*, 2023 WL 3167440 (W.D. Tex. 2023). The pertinent inquiry "is 'whether the principal controlled—or had the right to control—the 'manner and means' of the telemarketing campaign.' The Fifth Circuit has expounded that the level of control 'must be high and very significant.'" *Id*. Accordingly, to hold Caliber vicariously liable for Conversion Kings' conduct, Plaintiff must establish that Conversion Kings was Caliber's agent.

Before Caliber can be held vicariously liable for Conversion Kings' conduct, however, Plaintiff must first establish that Conversion Kings violated the TCPA by placing calls to telephone numbers listed on the DNC Registry. *See In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C. Rcd. at 6582 ¶ 24 (2013) ("[W]e clarify that a seller is not directly liable for a violation of the TCPA unless it initiates a call, but *[the seller] may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer*." (emphasis

4

added)); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014) (defendant may be held vicariously liable for TCPA violations where plaintiff establishes "agency relationship . . . between the defendant and a third-party caller"), aff'd, 136 S. Ct. 664 (2016).

Thus, as currently pled, Caliber cannot be held liable for violating the TCPA absent an independent, threshold finding that Conversion Kings, the bankrupt party, violated the TCPA. Conversion Kings asserts in its motion to dismiss that it did not violate the TCPA, and that Mr. Katz consented via an opt-in website on two occasions to receive telemarketing calls (ECF No. 69). If Conversion Kings can prove that it did not violate the TCPA, then Caliber cannot be found vicariously liable for the TCPA. If the case is allowed to proceed solely against Caliber while the bankruptcy stay is in place, and if Caliber is found liable, that finding would necessarily mean that Conversion Kings also violated the TCPA and would effectively operate as a judgment of Conversion Kings' liability under the Plaintiff's claims. Therefore, the parties have a unitary interest in this case. For these reasons, this Court should apply the section 362 bankruptcy stay to co-defendant Caliber.

B. **Alternatively, The Court Should Stay This Action In The Interests of Justice**

Alternatively, the court has broad discretion to stay a case under these circumstances "in the interests of justice and in control of [its] docket." *Jenkins v. TXS United Housing Program, Inc.*, 2014 WL 6084890, *2 (N.D. Tex., 2014) (quoting *Nat'l Oilwell Varo, L.P. v. Mud King Prods.*, 2013 WL 1948766 (S.D. Tex., 2013)). "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (Citing *Landis v. North American Can Co.,* 299 U.S. 248 (1936)).

Here, there is a "clear inequity" to Caliber if it is forced to continue defending this litigation while the case is stayed as to its co-defendant, Conversion Kings. As explained above, Caliber can only be held vicariously liable for violating the TPCA if Conversion Kings is first held directly liable for violating the Act. As Plaintiff admits in his amended complaint, the agreement between Caliber and Conversion Kings required Conversion Kings to comply with the TCPA (ECF No. 59, ¶ 56). Caliber does not have any records in its custody or control related to Conversion Kings' internal processes and controls for complying with these provisions of law and contract. As such, Conversion Kings is the only party able to produce discovery and evidence to support its defense that it complied with its legal and contractual obligations for the calls allegedly placed on behalf of Caliber.

Conversion Kings is a necessary party to the litigation and allowing the case to proceed as to Caliber only at this time would unnecessarily prejudice Caliber. Plaintiff will likely need additional discovery from Conversion Kings as to the calls it placed on behalf of Caliber to proceed with its class claims as to Caliber. Caliber is likewise prejudiced in defending these claims without obtaining similar information from Conversion Kings. Such discovery, however, is unavailable during the pendency of the bankruptcy by Conversion Kings.

Lastly, the stay previously entered by this court meets the standard outlined by the Fifth Circuit in *GATX* as it is reasonably limited in duration since it can be lifted upon a definitive event, *i.e.*, "after the related bankruptcy proceeding is concluded." (ECF No. 99).

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Defendant Caliber respectfully urges this Court to DENY the motion seeking to lift the stay and reopen the case against Caliber Home Loans, Inc.

DATED: February 27, 2024          Respectfully submitted,

*/s/ Tomio Narita*
Tomio B. Narita, CA Bar No. 156576
Tomio.narita@wbd-us.com
Justin T. Bradley, SC Bar No. 100547
Justin.Bradley@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP

Attorneys for Defendant

CALIBER HOME LOANS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I electronically filed the forgoing through the Court's CM/ECF system.

*/s/ Tomio Narita*
Tomio B. Narita, CA Bar No. 156576
Tomio.narita@wbd-us.com
Justin T. Bradley, SC Bar No. 100547
Justin.Bradley@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP

Attorneys for Defendant

CALIBER HOME LOANS, INC.

7