**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>CALIBER HOME LOANS, INC. and CONVERSION KINGS, LLC<br><br><br>               Defendants. | Case No. 23-cv-145 |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO LIFT ADMINISTRATIVE STAY
<u>AS AGAINST CALIBER HOME LOANS, INC.</u>**

Defendant Caliber Home Loans, Inc., hired Defendant Conversion Kings, LLC to act as its agent, and in an arms-length transaction, to send illegal telemarketing calls on its behalf. That relationship does not transform it into the "unusual situation" where there is such a unity of identity between the bankrupt defendant and the third-party defendant to justify refusing to lift the stay as articulated in *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).

<u>**LAW AND ARGUMENT**</u>

In what situations might a bankrupt defendant have a unitary interest with a nonbankrupt party such as to justify the application of the Bankruptcy Code's automatic stay to the non-debtor defendant? Defendant Caliber seems to make out that it's any scenario where there is a unitary interest and there is no independent liability as between the debtor and some other defendant in the litigation. But that cannot be the law since that would render any case subject to a stay where there is a bankrupt party jointly and severally liable with another party, merely because the two have a unitary interest.

The cases cited by Caliber on this point are particularly instructive and demonstrate why the stay must be lifted. In *In re S.1. Acquisition, Inc.*, a bankruptcy creditor attempted to serve interrogatories in a bankruptcy case on non-bankrupt individual defendants. Because the creditor asserted that such individuals were merely *alter egoes* of the bankrupt corporation and was attempting to pierce the corporate veil, the Court of Appeals found that there was a facial, self-admitted unity of interests between the parties to justify the application of the automatic stay to such individual defendants. 817 F.2d 1142, 1152 (5th Cir. 1987). Not so here, where the parties were merely part of an arms-length business transaction whereby Conversion Kings, the bankrupt Defendant, agreed to work for Caliber in sending out illegal telemarketing calls on its behalf. Unlike *S.1.*, nowhere here does the Plaintiff allege that Caliber is a mere *alter ego* or corporate shell of Conversion Kings.

The "unitary interest" language cited by the Defendant in *S.1.* appears only in its analysis of *A.H. Robins*, which the Court of Appeals stated was a "very limited situation." *Id.* at 1147. It did not explain such a holding, and it merely remains *dicta* in summarizing *A.H. Robins*. No part of the Court of Appeal's holding in *S.1.* stands for the proposition that the automatic stay should remain in place whenever there is a unity of interests between the bankrupt party and a nonbankrupt codefendant. Indeed, it held the opposite, that such circumstances are the exception, not the rule, and that the stay should remain in place only where there are peculiar situations, such as the allegation that the parties failed to observe corporate formalities. *Id.* at 1148.

Moreover, merely because Caliber would be jointly or severally liable under the TCPA for Conversion Kings' conduct does not render it an "unusual situation" where there is a unity between the debtor and nonbankrupt defendant. Caliber misconstrues and attempts to distract this court by showing that evidentiary issues might be dispositive of liability and judgment. But a

2

mere unity of evidentiary issues and determinations of conduct does not render one party the *alter ego* of the other. Here, there are no claims that Caliber would be entitled to contribution or indemnification from Conversion Kings, and it has not even attempted to sue Conversion Kings for any such conduct it now conveniently contends only Conversion Kings would be liable for. As the Fourth Circuit observed, there must be a unity of *judgment* such that lifting the automatic stay would defeat its purpose:

> An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute. This fact was recognized by the court in *In Re Metal Center,* 31 B.R. 458 (D.Conn.1983). In *Metal Center* the third-party plaintiff had been sued, along with the debtor, on his guaranty of the debtor's obligation. The third-party was entitled to be indemnified by the debtor on account of any judgment rendered against him because of his guaranty. . . . In discussing the issue, the court first dismissed as inapplicable to the facts of this case the situation where the third-party defendant was "independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of duty." It noted that in such a case "the automatic stay would clearly not extend to such non debtor."

*A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)

The situation here is identical to that of the "independently liable" scenario articulated by the district court in *Metal Center* and commented upon in *A.H. Robins*. The Plaintiff alleges that Caliber and Conversion Kings were joint tortfeasors and that Calibers liability rests upon their own breach of duty, including those to control their vendors and police their illegal telemarketing conduct. To be sure, there are common evidentiary questions and issues, but that's not the standard, nor is it the type of situation that the Bankruptcy Code seeks to remedy through imposition of the automatic stay. At its end, Caliber and Conversion Kings' relationship does not come close to meeting the showing of unity required to justify application of the automatic stay.

Finally, this Court cannot stay this action in the interests of justice. In fact, justice would *not* be served by permitting a stay in this case. A stay in this case would only serve to incentivize large, well-funded corporations like Caliber to make illegal telemarketing calls with immunity by merely hiring smaller dedicated telemarketing operations to do their dirty work for them and then pack up shop and declare bankruptcy when they are sued.

Moreover, Caliber has all the documents necessary for the Plaintiff to be able to prove his claims in discovery in this case. To begin with, Caliber paid Conversion Kings for each call Conversion Kings made and sold as a lead to Caliber. Caliber surely must have records of such calls and leads that Conversion Kings sold. And the Plaintiff will be able to prove his case even in the absence of Conversion Kings' policies and internal controls, let alone any records of Conversion Kings at all. These purported evidentiary issues are a manufactured red herring and are not required for the Plaintiff to be able to prove his claims. Based on a review of *Caliber's* records (to the extent that they exist and have not been spoliated), the Plaintiff will be able to ascertain who all Conversion Kings called at Caliber's direction and sent to Caliber or they will be able to seek them in third party discovery from other sources. From that point, it is a simple matter of determining which, if any of those calls, were placed to numbers on the Do Not Call Registry, which is publicly accessible.

## Conclusion

WHEREFORE, the Plaintiff requests that the Court GRANT the motion, hold that Section 362 of the Bankruptcy Code does not apply as against Defendant Caliber Home Loans, Inc., and lift any stays and reopen the case as against Defendant Caliber Home Loans, Inc.

RESPECTFULLY SUBMITTED AND DATED this March 12, 2024.

 /s/ *Anthony I. Paronich*
Anthony I. Paronich,
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com
         *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I electronically filed the forgoing through the

Court's CM/ECF system.

 /s/ *Anthony I. Paronich*
Anthony I. Paronich