**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC. and CONVERSION KINGS, LLC,<br><br>   Defendants. | Civil Action No. 3:23-cv-0145-S |

**PLAINTIFF'S MOTION TO REOPEN CASE AND LIFT ADMINISTRATIVE STAY**

Plaintiff Samuel Katz respectfully moves the Court for an order reopening this case and lifting the administrative stay entered on January 30, 2024 (ECF No. 99). The condition that the Court itself set for reopening—the conclusion of the related bankruptcy proceeding—has now been satisfied: the Chapter 7 bankruptcy case of Defendant Conversion Kings, LLC was fully administered and was closed by the United States Bankruptcy Court for the District of Arizona on June 18, 2025. In support of this Motion, Plaintiff states as follows.

**BACKGROUND**

On January 29, 2024, Defendant Conversion Kings, LLC ("Conversion Kings") filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the District of Arizona, styled *In re Conversion Kings Limited Liability Company*, No. 2:24-bk-00657-MCW (Bankr. D. Ariz.) (the "Bankruptcy Case"), and filed suggestions of bankruptcy on this Court's docket. (ECF Nos. 97, 98). The following day, this Court administratively closed this case "without prejudice to its being reopened after the related bankruptcy proceeding is concluded or the stay is lifted." (ECF No. 99).

1

Plaintiff previously moved to lift the administrative stay as against Defendant Caliber Home Loans, Inc. ("Caliber") while the Bankruptcy Case remained pending. (ECF No. 100). The Court denied that motion on April 9, 2024, but again ordered that the case would "remain STAYED and ADMINISTRATIVELY CLOSED without prejudice to its being reopened after the related bankruptcy proceeding is concluded or the stay is lifted." (ECF No. 103).

The Bankruptcy Case has now concluded. Plaintiff, on behalf of himself and the putative class, filed a proof of claim in the Bankruptcy Case (Claim No. 1), which was allowed in the amount of $5,000,000.00. On April 22, 2025, the Chapter 7 trustee, David M. Reaves, filed his Final Account and Distribution Report and Certification that the Estate Has Been Fully Administered (the "TDR"). (Bankr. Doc. 45; attached as Exhibit A). The TDR reflects that the estate was fully administered and that a final distribution of $9,035.12—a dividend of 0.18%—was made on Plaintiff's class claim. (*Id.*, Ex. 7 & Ex. 9). On June 18, 2025, the Bankruptcy Court closed the Bankruptcy Case. (Bankruptcy Case docket, attached as Exhibit B).

## LAW AND ARGUMENT

### A.  The condition this Court set for reopening has been satisfied.

This Court twice ordered that this case is administratively closed "without prejudice to its being reopened after the related bankruptcy proceeding is concluded." (ECF Nos. 99, 103). An administrative closure "does not terminate the underlying case, but, rather, places it in inactive status until such time as the judge, in his or her discretion or at the request of a party, chooses either to reactivate the pending matter or to dispose of it with finality." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). The related bankruptcy proceeding is now concluded: the estate has been fully administered, the trustee has been discharged, and the

2

Bankruptcy Case is closed. Nothing further will occur in the Bankruptcy Case that bears on this action, and the express condition for reopening has been met.

**B.   The automatic stay has terminated by operation of law.**

To the extent the automatic stay of 11 U.S.C. § 362(a) was the basis for the closure of this case, that stay has expired by operation of law. The stay of an act against property of the estate continues only "until such property is no longer property of the estate," 11 U.S.C. § 362(c)(1), and the stay of any other act continues only "until the earliest of—(A) the time the case is closed; (B) the time the case is dismissed; or (C) . . . the time a discharge is granted or denied," 11 U.S.C. § 362(c)(2). The Bankruptcy Case was closed on June 18, 2025. Moreover, as a limited liability company, Conversion Kings did not and cannot receive a Chapter 7 discharge, *see* 11 U.S.C. § 727(a)(1) (discharge available only to individuals), so no discharge injunction under 11 U.S.C. § 524(a) restrains this action. There is accordingly no bankruptcy-based impediment to this case proceeding against either Defendant.

**C.   In any event, no stay ever applied to non-debtor Caliber Home Loans, Inc.**

Section 362(a)(1) stays judicial proceedings "against the debtor." 11 U.S.C. § 362(a)(1). The Fifth Circuit has confirmed that the automatic stay ordinarily does not apply to actions against non-debtors. *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). While a stay may in unusual circumstances extend to a non-debtor co-defendant where "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant," *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)), no such circumstances exist here. Caliber and Conversion Kings are distinct companies with different ownership,

3

leadership, and businesses, as reflected in Caliber's own corporate disclosure statement. (ECF No. 80). Whatever force a stay may once have had as to Caliber, none remains now that the Bankruptcy Case is closed.

## LR 7.1(b)(3) CERTIFICATE OF CONFERENCE

Counsel for Plaintiff conferred with counsel for Defendants on July 12 and July 17 2026, regarding the relief requested in this Motion. The motion is unopposed as to Defendant Caliber. Counsel for Defendant Conversion Kings did not respond to multiple emailed requests for a position.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court GRANT this Motion, reopen this case, lift the administrative stay, and restore this matter to the Court's active docket for all purposes, including entry of an amended scheduling order.

RESPECTFULLY SUBMITTED AND DATED this 28th day of July, 2026.

/s/ Anthony I. Paronich
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com
*Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


*/s/ Anthony I. Paronich*
Anthony I. Paronich