**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CALIBER HOME LOANS, INC. and CONVERSION KINGS, LLC<br><br>Defendants. | Case No. 23-cv-145 |

**PLAINTIFF'S MOTION TO COMPEL**
**<u>DISCOVERY RESPONSES FROM CONVERSION KINGS, LLC</u>**

This motion was ready to file on January 29, 2024. Conversion Kings had served objection-only discovery responses three weeks earlier, ignored five attempts to confer, and refused to produce a deposition witness. The bankruptcy closed in June 2025. This Court reopened the case in July 2026 and entered a new schedule in August 2026. The discovery deficiencies are unchanged, and Plaintiff brings them now at the first available opportunity.

The core of the dispute is a single category of documents. Conversion Kings placed telemarketing calls on behalf of co-defendant Caliber Home Loans, Inc. ("Caliber"). Its outbound calling records identify who was called and when. In a TCPA class action, those records are the evidence on which Rule 23 turns, and they are also the evidence of the calling campaign for which Plaintiff contends Caliber is vicariously liable. Conversion Kings produced no calling record and refused even to identify the vendors and third parties that might hold them.

Two developments since 2024 sharpen the request. First, at Conversion Kings' examination under 11 U.S.C. § 341, its principal testified that the company's records are digitally stored and in the possession of Conversion Kings' counsel in this case, and that the

information Plaintiff sought, including the identity of the call center that supplied dialers, is contained in those records. Second, Conversion Kings' counsel has moved to withdraw. ECF No. 115. Plaintiff respectfully submits that this motion should be resolved before, or together with, that one, while there remains a party representative able to comply with an order.

## LAW AND ARGUMENT

***A.*** *Request for Production 19*

Request for Production 19 is the meat and potatoes of the Plaintiff's entire case. Its importance, relevance, and criticality cannot be understated. A coherent and complete response must therefore be ordered in its entirety. In order to prove his TCPA claims, and those of the class, the Plaintiff will need to demonstrate that the calls took place and that the calls were illegal, including because they were sent without consent to individuals on the National Do Not Call Registry. Defendant has not produced a single calling record responsive to this.

The only practical way to identify class members in TCPA cases such as this is through calling records. Here, the calling records are in the possession of the Defendant, and may also be in the possession of third-party telephone carriers, whose records are notoriously ethereal. This risk to the class members' interests is not merely hypothetical. Multiple decisions have turned on the production or destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where plaintiffs were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

What's more, courts routinely grant and compel production of telephone records in TCPA cases like this. "[A] list of phone numbers may very well bear direct relevance to a violation of the TCPA concerning the dialing of the very phone numbers listed." *Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (ordering the production of a "dial list" consisting of everyone in the plaintiff's proposed class). Such information is relevant because it speaks to issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, ascertainability, commonality, and predominance. For these reasons, production of a call list and call is routinely ordered in courts across the country.). As discussed below, the calling data goes directly to the elements necessary to certify a class.

For the Plaintiff to identify putative class members that may have a claim, he needs to obtain the call records, which will include all the recipients of those calls, at which point an expert analysis can be performed to identify class members. *See Southwell v. Mortg. Investors Corp. of Ohio*, No. C13-1289 MJP, 2014 U.S. Dist. LEXIS 112362, 11-12 (W.D. Wash. Aug. 12, 2014) (denying the plaintiff's motion for class certification in a TCPA case holding based partially on an inability to identify class members from calling records). As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff's expert will determine which calls qualify for membership in the class in order to prepare this case for class certification.

When discovery is not bifurcated, a plaintiff in a TCPA case must have the records of calling activity to prepare for trial to resolve the requestion of liability and damages. Analyzing each of Defendant's objections in detail reflect that they are all completely devoid of any merit whatsoever. First, Defendant claims that the request is "overly broad, unduly burdensome, vague, and ambiguous." To begin with, however, the Defendant has not stated with specificity how such request is "overly broad" or "unduly burdensome," particularly as the request seeks production of calling records within the TCPA's four-year statute of limitations as it pertains to class members. A mere statement by a party that a discovery request is overly broad and unduly burdensome is not adequate to voice a successful objection; in order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome. *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). Defendant has not done so. Nor has the Defendant stated with particularity why the request is "vague and ambiguous," such as by citing the specific language it contends is vague or ambiguous. Furthermore, the request is anything but vague. It requests specific documents, calling records, and identifies with specificity the *exact type of information* sought within those documents.  Finally, Defendant's relevance argument is without merit. As described above, the calling records are above any other evidence the most relevant issue in this entire case. To claim that such calling data is "irrelevant to the facts, claims, and defenses in this suit" stretches the bounds of credulity and any legitimate lawful argument and runs contrary to ordinary logic and common sense. There is nothing more relevant to this case than the calling records because they prove the entire case.

As will be described below, the remaining arguments are easily disposed of. If the documents sought are within the possession, care, custody, and control of third parties (including Conversion Kings' attorneys), then this Court should order the Defendant to disclose the identity

of such third parties and also enter a further order directing for their production. Finally, this Court can dispense with the Defendant's boilerplate privilege objections, which Defendant has not even produced a privilege log, leaving the Plaintiff to wonder what, if any, documents are being withheld on this basis and the exact nature of the asserted privilege. *Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014).

**B.** *Deficiencies in Interrogatories*

As a preliminary matter, the Defendant's responses to Plaintiff's interrogatories are unsigned, unverified and incomplete. FED. R. CIV. P. 33(b)(5) requires the "person who makes the answers" to "signed them," and further requires any attorney objecting to them to "sign any objections." Courts in the Fifth Circuit have had no trouble sanctioning parties who, as here, provide, "unsigned, unverified, incomplete responses to . . . interrogatories." *Bell v. Texaco, Inc.*, No. 5:09-CV-192-KS-MTP, 2011 WL 2446577, at *11 (S.D. Miss. June 15, 2011), aff'd, 493 F. App'x 587 (5th Cir. 2012). The Court should therefore require the Defendant to sign interrogatories and Defendant's attorneys to sign any objections.

In response to Interrogatory 2, which seeks information related to the "employees or vendors involved in making outbound calls," the very calls at which form the heart of this case, Defendant objected in that it allegedly required Defendant to "speculate" and that it was "overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of evidence admissible at trial." This is absolutely not the case. Defendant, and only the Defendant, is in the position to identify its employees or vendors to whom the Plaintiff spoke because the *Defendant made the calls and spoke to the Plaintiff*. Furthermore, the allegation that the identity of the vendors or employees who placed the calls at issue is irrelevant and not discoverable borders on the frivolous. What's more, the "reasonably calculated to lead to the discovery of admissible

evidence standard" was removed from Rule 26(b)(1) and has not been the guiding standard for discovery for almost ten years. The Court should therefore require Defendant to make a complete response to Interrogatory 2.

In the same vein, Interrogatory 3 should also be compelled for the same reasons. In addition to the same boilerplate objections Defendant made to Interrogatory 2, Defendant objects in that it seeks information within the TCPA's four-year statute of limitations as being "overly broad". 28 U.S.C. § 1658; *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013). Furthermore, the Defendant objects in that the Plaintiff has not identified with specificity the vendors of which he seeks information, a problem of Defendant's, because the Plaintiff requested that information in Interrogatory 2. The Court should therefore require Defendant to make a complete response to Interrogatory 3.

A response to Interrogatory 4 should also be compelled. Here, Defendant, a sophisticated commercial call center who specializes in lead generation, claims it does not understand the term "sub-vendors" or the term "sub-vendors used by your vendors." Even an unsophisticated layperson understands the meaning and purpose of a subcontractor, and regardless, the definition of "vendor" appears in Plaintiff's instructions. In the previous interrogatories, the Plaintiff inquired about any vendors used by the Defendant. Here, the Plaintiff inquires about sub-vendors used by such vendors, a topic which is far from "immensely broad." Rather, it seeks information identifying the identity of such sub-vendors used by the vendors. There is nothing "immense" or overbroad about that. The Court should therefore require Defendant to make a complete response to the interrogatory.

A more fulsome response to Interrogatory 5 should also be compelled. The Defendant seemingly admits here that the Plaintiff did not speak with any of Defendant's employees, but

rather spoke to an employee of Defendant's vendor and/or sub-vendor. However, the Defendant refuses to identify that vendor's identity, which was sought in Interrogatories 2-4. It is impossible for the Plaintiff to seek information from Defendant's vendor as Defendant wants Plaintiff to do when the *Defendant refuses to identify that vendor*.

This Court also should compel a response to Interrogatory 6, which seeks Defendant to disclose the identity of the individuals at Caliber with whom Defendant interacted and the content of such communications. This request is proportional to the needs of the case because Defendant made calls for Caliber, and the information will show who at Caliber at various points within the TCPA's four-year statute of limitations the Plaintiff can direct further discovery to regarding the calls at issue, including depositions. The relationship between Caliber and Conversion Kings is at the heart of any vicarious liability analysis, including the various degrees of direction and control Caliber had over Conversion King's calling conduct. Furthermore, on its face, the request is not compound but merely requests clarification as to the nature of the communications with each individual and is permissibly uncompounded.

Interrogatory 9 seeks information about the systems, platforms, and equipment used by the Defendant to contact the Plaintiff. Defendant has objected that it is overly broad and unduly burdensome. But identifying the "make, model, structure, and location" of the equipment used to place the calls, and critically, to obtain the purported consent to contact the Plaintiff in this case, is hardly overly broad or unduly burdensome. Nor is seeking this information not narrowly tailored in scope and time.

For similar reasons to compelling the identity of any vendors Defendant used, the Court should also compel a response to Interrogatory 11, which seeks information as to any person who was disciplined, reprimanded, or similarly taken action against for allowing the illegal calling

conduct to occur. This Court should compel identification of such persons, particularly because it would tend to make any purported consent evidence or allegations that the Plaintiff wanted the calls all the more improbable. The Court should therefore require Defendant to make a complete response to this interrogatory.

***C. Deficiencies in Requests for Production***

Request for Production 3 was clear. It sought all documents related to the Plaintiff, including investigative documents as well as those documents relating to any purported consent to contact the Plaintiff. Rather than produce these documents, Defendant made a boilerplate objection that the request is "overly broad, unduly burdensome, vague, ambiguous, and not narrowly tailored in time or scope." But there is nothing overly broad or unduly burdensome about the Plaintiff seeking documents with relate to him, nor is there anything in this request that could reasonably be construed as vague or ambiguous. Furthermore, the request has clear limits in that it only seeks documents related to the Plaintiff, not the class, and only within the TCPA's four year statute of limitation, per the instructions. This Court should compel production.

Requests for Production 6 and 18 are also relevant. Complaints from the various agencies and entities described, together with any policies or procedures for complying with said regulations, are probative of two things. To begin with, they would prove the Plaintiff's, and the Class's, claims, including the fact that the Defendant knowingly and willfully called numbers on the National Do Not Call Registry and was put on notice of this illegal conduct multiple times. It would also prove whether or not such policies and procedures were adhered to, demonstrating knowingness or the inapplicability of any safe harbor defense. Moreover, the complaints would also tend to disprove any consent defense that Defendant attempts to raise. For example, if Defendant maintained no provisions for complying with the E-SIGN Act, then any consent

defense obtained from a website would be rendered inadequate, since compliance with the Act's requirements is required for the validity of any internet-based consent. Nor can Defendant claim such requests are confusing or ambiguous because the requests outline the exact entities, policies, and procedures for which discovery is sought. And, without specifying the asserted "privilege" or providing a privilege log, the Plaintiff is unable to ascertain any purported privilege and this Court should not consider such arguments, either. As such, the Plaintiff has a legitimate need for this information and it should therefore be produced.

Similarly to the interrogatories seeking the same information, Requests for Production 7, 8, and 9, seeking documents and communications with vendors should likewise be produced. Defendant admits that it hired "likely all vendors in the telemarketing business." The Defendant's communications with its vendors are relevant both to the illegal calling conduct alleged here as well as the applicability of any consent or other defenses.

Requests for Production 11 and 12 seek all communications with Caliber concerning outbound telemarketing calls or text messages, or communications concerning Caliber. Such documents are central to this case and are critical to Plaintiff proving his claims, which are brought on a classwide basis. Such documents will show, for example, patterns and practices of illegal calling conduct and also provide valuable evidence in proving Caliber's vicarious liability for Defendant's conduct. And, again, without providing a privilege log, the Court is unable to ascertain any purported claim of privilege. Furthermore, compoundness is not a valid objection to a request for production. This Court should therefore compel complete production of all communications with Caliber concerning outbound telemarketing calls or text messages.

Defendant's objection to Requests for Production 13, 14, and 15 should also be overruled. The contracts between the Defendant and any entity that provided the Plaintiff's

telephone number will preeminently lead to admissible evidence, with respect to identifying the basis on which classwide calling records can be obtained. Such documents will also demonstrate any potential vicarious liability relationships as well as classwide consent and calling data critical to Plaintiff affirmatively proving his claims on a classwide basis. Such documents are therefore preeminently relevant, proportional, and discoverable and must therefore be produced.

It is unclear, which, if any, basis Defendant objects to Request for Production 20, which seeks "all communications with any third party concerning this litigation, *other than your attorney*," to which Defendant asserts a privilege objection. Finally, this Court should compel a complete response to Request 22. The Defendant identified purported consent which it claims it will use to meet its burden of proving the affirmative defense of consent. However, it has not produced the ancillary information surrounding the consent which will permit the Court to assess the validity of any purported consent evidence. Defendant should produce the actual URLs and underlying website data through which it contends consent was obtained, if it exists.

## **Conclusion**

WHEREFORE, the Plaintiff requests that the Court GRANT the motion and require Conversion Kings to provide complete discovery responses to the aforementioned interrogatories and requests for production, and find that all objections, other than privilege, are waived.

**Dated: August 31, 2026**

*/s/ Andrew Perrong*
Andrew Perrong
Email: a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: (215) 225-5529

**LR 7.1(b)(3) Certificate of Conference**

On at least January 9, January 12, January 17, January 19, and January 23, 2024, the Plaintiff sent correspondence and made telephone calls to counsel for the Defendant regarding the outstanding discovery, but no response was received.

*/s/ Andrew Perrong*
Andrew Perrong
Email: a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: (215) 225-5529

**Certificate of Service**

I, hereby certify that on August 31, 2026, I served the foregoing by filing a copy via CM/ECF.

*/s/ Andrew Perrong*
Andrew Perrong
Email: a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: (215) 225-5529