**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL KATZ, individually and on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 23-cv-145** |
| | § | |
| **CALIBER HOME LOANS, INC. and CONVERSION KINGS, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT CONVERSION KINGS, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

TO: Plaintiff Samuel Katz, by and through his counsel of record.

Pursuant to the Federal Rules of Civil Procedure, Defendant Conversion Kings, LLC ("Conversion Kings") serves the following responses to Plaintiff Samuel Katz's discovery requests. Conversion Kings reserves the right to amend or supplement these responses if necessary.

Respectfully submitted,

*/s/ Cody L. Towns*
Cody L. Towns
Texas Bar No. 24034713
Elizabeth H. Gebert
Texas Bar No. 24125264
**TOWNS LAW FIRM, P.C.**
4835 Lyndon B. Johnson Fwy., Suite 750
Dallas, Texas 75244
Telephone: (469) 421-1500
Facsimile: (469) 421-1505
Email: ctowns@townslawfirm.com
egebert@townslawfirm.com

**ATTORNEYS FOR DEFENDANT CONVERSION KINGS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 8, 2024, a true and correct copy of this document was served via email on all counsel of record.

*/s/ Cody L. Towns*
Cody L. Towns

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1:** Identify each person who provided information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE: Frank Wood c/o Towns Law Firm, PC.**

**INTERROGATORY NO. 2:** Identify all employees or vendors involved in making outbound calls or text messages that could have promoted Adroit goods and services. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls or provide leads (b) the dialing system platform or provider used to make those calls.

**RESPONSE:** Conversion Kings objects to this request on the grounds that is asks Conversion Kings to speculate as to any employee or vendor which "could have promoted" certain goods and services—a fact which is outside the scope of Conversion Kings' knowledge. Conversion Kings further objects to this Interrogatory as it seeks information that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of evidence admissible at trial.

**INTERROGATORY NO. 3:** Identify and describe the work of each employee or vendor.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. This request seeks information related to the work of all employees and vendors with no specification as to the type of employee or vendor and the type of work performed by that employee or vendor. Further, the request does not specify whose employees and vendors are the subject of this request. In addition, Conversion Kings objects on the grounds that this request is not narrowly tailored in time or scope; the request seeks identification and description of each employee and vendor for four years preceding the filing of this lawsuit, which is an expansive period of time. Finally, Conversion Kings objects on the grounds that the identity of each employee and vendor and the work performed is not relevant to this lawsuit: Without any narrowing of the subjects of this request, Plaintiff broadly seeks information related to employees and vendors which may have nothing to do with the facts leading to this lawsuit.

**INTERROGATORY NO. 4:** Identify all third parties or sub-vendors used by your vendors to for you.

**RESPONSE:** Conversion Kings objects to this request on the basis that it is overly broad, unduly burdensome, vague, ambiguous, and confusing. Conversion Kings does not understand the information sought in this request. Specifically, Conversion Kings does not know what is meant by "sub-vendors" nor "used by your vendors to for you." Further, this request is overly broad and unduly burdensome as it seeks identification of all third parties or sub-vendors used in the four years preceding the filing of this lawsuit, rendering an immensely broad scope/topic and time period. In addition, Conversion Kings objects on the grounds that this request seeks information not relevant to this lawsuit; more specifically, this request seeks identification of parties which may have nothing to do with this lawsuit.

**INTERROGATORY NO. 5:** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**RESPONSE:** Conversion Kings objects to this request to the extent it seeks information outside of its possession, custody, or control and related to the business operations of its vendors, which are separate companies.

**INTERROGATORY NO. 6:** Identify each of the individuals that your company has interacted with at Caliber and describe the content of each of those communications.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is not narrowly tailored in time or scope. Further, Conversion Kings objects on the basis that this request is overly broad and unduly burdensome. The request is not aimed at discovering communications regarding a certain topic, nor is the time period of the four years preceding the filing of this suit a reasonable time frame. Instead, it seeks identification of *every* individual who has interacted between Conversion Kings and Caliber. In addition, the information sought in this request is irrelevant to this lawsuit because of its overbreadth and broad applicability. Finally, Conversion Kings objects to this request as it is compound.

**INTERROGATORY NO. 7:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is compound. Subject to said objection and without waiving same, Conversion Kings contends that Plaintiff provided consent to receive phone calls through online opt-in submissions, CK00015-00016, and during the course of phone calls, the recordings of which are produced as CK00017-00021. The opt-in submissions were received on April 18, 2019, CK00015, and June 5, 2021. CK00016.

The telephone recording produced as CK00017 is dated May 26, 2022. The recording produced as CK00018 is dated June 4, 2022. The recording produced as CK00019 is dated June 20, 2022. The recording produced as CK00020 is dated July 5, 2022. Conversion Kings is working to confirm the date of the recording produced as CK00021.

The recordings produced as CK00017-00021 were placed to (207) 802-1001, which is the phone number associated with the opt-in requests produced as CK00015-00016. It is Conversion Kings' understanding that this phone number is associated with Plaintiff. Upon review of the filings in this case, and based on Conversion Kings' knowledge, Plaintiff uses the alias "James Weim"—the name of the individual who submitted the opt-in requests. CK00015-00016. These facts are the basis for Conversion Kings' contention that it received consent to solicit the phone number at issue in this case, and that Plaintiff gave his consent under a different name. Conversion Kings reserves the right to amend or supplement this response if necessary.

**INTERROGATORY NO. 8:** If you claim a different company sent any of the communications at issue in this lawsuit other than you, identify them and all facts in support of the fact that they sent the communications.

**RESPONSE:** Conversion Kings objects to this request on the basis that it is compound. Subject to said objection and without waiving same, Conversion Kings is only aware of those communications produced as CK00017-00021. With respect to those communications, Conversion Kings, or its vendor(s), was the party which initiated those communications.

**INTERROGATORY NO. 9:** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE:** Conversion Kings objects to this request to the extent it seeks information not within Conversion Kings' knowledge—that is, the systems, platforms, and equipment used by its vendors. Conversion Kings additionally objects to this request on the grounds that it is compound, overly broad, unduly burdensome, and not narrowly tailored in time or scope. This request seeks numerous types of information about Conversion Kings and any and all vendors of Conversion Kings over an undefined period of time. Additionally, Conversion Kings objects to this request with respect to relevance, as the systems, platforms, and equipment used are not at issue in this dispute.

**INTERROGATORY NO. 10:** State all facts in support of any affirmative defenses you have raised.

**RESPONSE:** As of the date of this response, Conversion Kings has not filed an answer to Plaintiff's complaint in light of the pending motion to dismiss. Conversion Kings reserves the right to amend or supplement this response if necessary.

**INTERROGATORY NO. 11:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**RESPONSE:** Conversion Kings objects to this request on the basis of its overbreadth and unduly burdensome nature. Further, this request is not narrowly limited in time or scope, as it seeks information over a broad period of time and regarding persons employed and not employed by Conversion Kings. In addition, Conversion Kings objects to the extent this request seeks information not relevant to the present suit.

**INTERROGATORY NO. 12:** In response to which (if any) requests for production in this case have you produced no responsive documents?

**RESPONSE:** Conversion Kings refers Plaintiff to Conversion Kings' responses to the requests for production for information responsive to this request.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce all non-attorney-client privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** See all document production by Conversion Kings in this case.

**REQUEST NO. 2:** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** As of the date of this response, Conversion Kings has not filed an answer to Plaintiff's complaint in light of the pending motion to dismiss. Conversion Kings reserves the right to amend or supplement this response if necessary.

**REQUEST NO. 3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:** Conversion Kings objects to this request on the basis that it is overly broad, unduly burdensome, vague, ambiguous, and not narrowly tailored in time or scope. This request broadly seeks documents merely relating to Plaintiff without defining an applicable time period, the type of documents requested, nor the subject of those documents.

**REQUEST NO. 4:** Please produce all documents relating to any failure by you, or a vendor, to abide by your policies relating to the sending of outbound calls.

**RESPONSE:** None.

**REQUEST NO. 5:** Please produce all documents relating to the failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.

**RESPONSE:** None.

**REQUEST NO. 6:** Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE:** Conversion Kings objects to this request as irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at trial.

**REQUEST NO. 7:** All contracts or documents representing agreements with any vendor that contacted the Plaintiff or made outbound telemarketing calls or text messages.

**RESPONSE:** Conversion Kings objects to this request to the extent it seeks information outside of Conversion Kings' possession, custody, or control. More specifically, this request is vague and ambiguous as it seeks documents related to "any vendor that contacted Plaintiff" without specifying whether those alleged vendors were acting at Conversion Kings' direction or whether the alleged vendors were under Conversion Kings' direction or control. Conversion Kings additionally does not know what is meant by vendors that "made outbound telemarketing calls or text messages" without any specification by Plaintiff that the outbound telemarketing calls or text messages allegedly made by these vendors were directed at any specific person. Vendors which have made outbound calls or texts likely applies to all vendors in the telemarketing business. Plaintiff's pursuit of Conversion Kings' agreements with any vendor that has made an outbound telemarketing call or text message is an immensely overbroad and unduly burdensome request for information not relevant to this suit. In addition, Conversion Kings does not have knowledge of all vendors which have contacted Plaintiff during the applicable time frame, making this request improper as it seeks information outside of Conversion Kings' control and is overbroad and unduly burdensome. Subject to said objections and without waiving same, Conversion Kings produces CK00001-00014 in response to this request to the extent it seeks information within Conversion Kings' control.

**REQUEST NO. 8:** All communications with any vendor that contacted the Plaintiff or made outbound telemarketing calls or text messages.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. More specifically, this request is not narrowly tailored in time or scope and seeks all communications with an undefined number of companies on any range of topics, rather than specifying the content of the communications sought, the parties to those communications, or the purpose of the communications sought. In addition, Conversion Kings objects to this request to the extent it seeks communications irrelevant to the facts, claims, and defenses in this lawsuit. Conversion Kings further objects to this request on the grounds of vagueness and ambiguity as it does not know what is meant by "any vendor that contacted the Plaintiff." It is impossible for Conversion Kings to know of every vendor which contacted Plaintiff over an expansive period of time as Plaintiff may have been contacted by vendors outside the direction and control of Conversion Kings. Conversion Kings additionally does not know what is meant by vendors that "made outbound telemarketing calls or text messages" without any specification by Plaintiff that the outbound telemarketing calls or text messages allegedly made by these vendors were directed at any specific person. Vendors which have made outbound calls or texts likely applies to all vendors in the telemarketing business. Plaintiff's pursuit of Conversion Kings' agreements with any vendor that has made an outbound telemarketing call or text message is an immensely overbroad and unduly burdensome request for information not relevant to this suit.

**REQUEST NO. 9:** All internal communications at your company regarding any vendor that contacted the Plaintiff or made outbound telemarketing calls or text messages.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. More specifically, this request is not narrowly tailored in time or scope and seeks all internal communications regarding an undefined number of

companies on any range of topics, rather than specifying the content of the communications sought, the parties to those communications, or the purpose of the communications sought. In addition, Conversion Kings objects to this request to the extent it seeks communications irrelevant to the facts, claims, and defenses in this lawsuit. Conversion Kings further objects to this request on the grounds of vagueness and ambiguity as it does not know what is meant by “any vendor that contacted the Plaintiff.” It is impossible for Conversion Kings to know of every vendor which contacted Plaintiff over an expansive period of time as Plaintiff may have been contacted by vendors outside the direction and control of Conversion Kings. Conversion Kings additionally objects on the grounds of confidentiality and privilege. Further, Conversion Kings does not know what is meant by vendors that “made outbound telemarketing calls or text messages” without any specification by Plaintiff that the outbound telemarketing calls or text messages allegedly made by these vendors were directed at any specific person. Vendors which have made outbound calls or texts likely applies to all vendors in the telemarketing business. Plaintiff’s pursuit of Conversion Kings’ agreements with any vendor that has made an outbound telemarketing call or text message is an immensely overbroad and unduly burdensome request for information not relevant to this suit.

**REQUEST NO. 10:** All contracts or documents representing agreements with Caliber.

**RESPONSE:** Conversion Kings objects to this request to the extent it seeks documents not relevant to this lawsuit. Further, Conversion Kings objects to this request to the extent it seeks confidential documentation. Subject to said objections and without waiving same, Conversion Kings directs Plaintiff to CK00001-00014.

**REQUEST NO. 11:** All communications with Caliber concerning outbound telemarketing calls or text messages.

**RESPONSE:** Conversion Kings objects to this request on the grounds of its overbreadth and unduly burdensome nature, as it seeks *all* communications over a number of years merely concerning outbound communications. This request is not narrowly tailored to outbound communications related to Plaintiff nor any other facts surrounding this lawsuit. In addition, Conversion Kings objects to this request on the basis that it is compound.

**REQUEST NO. 12:** All internal communications at your company regarding Caliber concerning outbound telemarketing calls or text messages.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. More specifically, this request is not narrowly tailored in time or scope and seeks all internal communications about Caliber on a broad topic—outbound calls or text messages—rather than specifying the content of the communications sought, the parties to those communications, or the purpose of the communications sought. In addition, Conversion Kings objects to this request to the extent it seeks communications irrelevant to the facts, claims, and defenses in this lawsuit. Conversion Kings additionally objects on the grounds of confidentiality and privilege.

**REQUEST NO. 13:** All contracts or documents representing agreements with any entity that provided you with the Plaintiff's information or telephone number.

**RESPONSE:** Conversion Kings objects to this Request as irrelevant and not reasonably calculated to lead to evidence admissible at trial.

**REQUEST NO. 14:** All communications with any entity that provided with you the Plaintiff's information or telephone number.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. More specifically, this request is not narrowly tailored in time or scope and seeks all communications on any range of topics, rather than specifying the content of the communications sought, the parties to those communications, or the purpose of the communications sought. In addition, Conversion Kings objects to this request to the extent it seeks communications irrelevant to the facts, claims, and defenses in this lawsuit. Conversion Kings additionally objects on the grounds of confidentiality and privilege.

**REQUEST NO. 15:** All internal communications at your company regarding any entity that provided you with the Plaintiff's information or telephone number.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. More specifically, this request is not narrowly tailored in time or scope and seeks all internal communications "regarding" other entities on any range of topics, rather than specifying the content of the communications sought, the parties to those communications, or the purpose of the communications sought. In addition, Conversion Kings objects to this request to the extent it seeks communications irrelevant to the facts, claims, and defenses in this lawsuit. Conversion Kings additionally objects on the grounds of confidentiality and privilege.

**REQUEST NO. 16:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** None.

**REQUEST NO. 17:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** None.

**REQUEST NO. 18:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of

when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
b) obtaining or verifying prior express consent;
c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is compound, overly broad, and unduly burdensome, as it seeks multiple types of documents on a number of topics over an expansive and unreasonable period of time. Further, Conversion Kings objects to the extent this request seeks confidential, privileged documents and information. In addition, Conversion Kings objects on the basis of vagueness, ambiguity, and confusion, as it does not know what is meant by "documents necessary to construct a timeline of when each policy was in force." Conversion Kings accordingly objects to this request to the extent it requires creation of documents and information not in existence at the time Conversion Kings was added as a party to this suit. In addition, Conversion Kings objects on the grounds that this request could be construed to seek communications and documents protected by attorney/client, work product, or other privilege.

**REQUEST NO. 19:** Please produce all documents containing any of the following information for each outbound telemarketing call or text message sent by you or your vendors:

a) the date and time;
b) the caller ID;
c) any recorded message used;
d) the result;
e) identifying information for the recipient; and
f) any other information stored by the call detail records.

**RESPONSE:** Conversion Kings objects to this request on the basis that it is overly broad, unduly burdensome, vague, and ambiguous. Rather than specifying the types of outbound calls and texts or the recipients of those communications, this request broadly seeks documentation related to all telemarketing practices of Conversion Kings and its vendors over an expansive and unreasonable period of time. Further, Conversion Kings objects on the grounds that this request seeks information irrelevant to the facts, claims, and defenses to this suit. In addition, Conversion Kings objects to the extent this request seeks documentation outside of Conversion Kings' possession, custody, or control, specifically with respect to the documentation of Conversion Kings' vendors. Conversion Kings additionally objects to the extent this request seeks confidential or privileged documentation.

**REQUEST NO. 20:** All communications with any third party concerning this litigation, other than your attorney.

**RESPONSE:** Conversion Kings objects to this Request as it seeks information protected by the attorney work product doctrine.

**REQUEST NO. 21:** To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is vague, ambiguous, and confusing. Subject to said objection and without waiving same, Conversion Kings directs Plaintiff to CK00015-00016.

**REQUEST NO. 22:** For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

**RESPONSE:** Conversion Kings objects to this request on the grounds that it is vague, ambiguous, and confusing.